DAUKSCH, Judge.
This is an appeal from an escape conviction.
Appellant was charged in 1974 by information with escape. He was in custody of various state penal institutions and parole departments for the entire time from three weeks after the date of the crime until his trial. Notwithstanding the fact that he was in prison in Florida after having been brought here from a Michigan prison and that Florida penal authorities have constantly known his whereabouts, actually and constructively, from 1974 to 1987, he was never brought to trial.
At one period of time, at least, from December 1980 to May 1982, appellant was in prison in Florida for more than one year and was not brought to trial as Rule 3.191(b)(1) required at all pertinent times.
(b)(1). Prisoners in Florida; Trial Without Demand. Except as otherwise provided, a ■person who is imprisoned in a penal or correctional institution of this State or a subdivision thereof and who is charged by indictment or information, whether or not a detainer has been filed against such person, shall without demand be brought to trial within one year if the crime charged be a misdemean or felony not involving violence, within two years if the crime charged be a noncapital felony involving violence, or if the crime charged be punishable by death; and if not brought to trial within such term shall upon motion timely filed with the court having jurisdiction and served upon the prosecuting attorney be forever discharged from the the crime. The period of time established by this rule shall commence when the person is taken into custody as a result of the subject conduct or criminal episode, or when the subject charge of crime is filed, whichever is earlier, whether or not such period may commence to run before such person began to serve his term of imprisonment. The periods of time established by this section shall govern if the person is released from confinement while less than six months of such period of time for trial remains; if more than six months of such period of time for trial remains upon release from confinement, this section shall cease to apply and the rights of such person and of the State shall be governed by §§ (a)(1) and (2). [Emphasis supplied].
Because of this rule violation he should have been discharged.
REVERSED.
ORFINGER, J., concurs.
SHARP, C.J., concurs specially with opinion.